IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                                   No. 1:20-cr-82-WJ

HASSAN ALQAHTANI,

    Defendant.

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR REVIEW OF DETENTION ORDER

**THIS MATTER** is before the Court on Defendant's Motion for Review of Detention Order [Doc. 29], filed June 26, 2020. Defendant requests that the Court review Magistrate Judge Laura Fashing's detention order and release him pending trial. For the reasons explained in this Opinion, the Court finds that Defendant is a flight risk and danger to the community and that there is no condition or combination of conditions that will reasonably assure his appearance or the safety of the community. Therefore, Defendant shall remain detained pending trial.

### BACKGROUND

Defendant is charged with Alien in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(5)(B) and 924. Doc. 14 (Indictment). After hearing witness testimony and argument from counsel at a preliminary/detention hearing on December 17, 2020, Judge Fashing found that there was "probable cause to believe that [Defendant] has committed the offense with which he has been charged." Doc. 32 (Preliminary/Detention Hearing Transcript Vol. II) at 50. Judge Fashing also ordered that Defendant be detained pending trial because she found "by clear and convincing evidence that no condition or combination of conditions will reasonably assure the

safety of any other person in the community" and "by a preponderance of the evidence that no condition or combination of conditions will reasonably assure his appearance as required." *Id.* at 61–63. Approximately six months later, Defendant filed the subject motion requesting that the Court review Judge Fashing's detention order and release him pending trial. The Court held a hearing on Defendant's motion on August 13, 2020, at which the Court heard witness testimony and argument from counsel. At the hearing, the Court also received Pretrial Services' position:

> Upon review of all available information in this matter, the probation office believes there is no condition or combination of conditions that will reasonably assure the appearance of this defendant as required or the safety of the community.

Doc. 37 (Pretrial Services Memorandum) at 2.

## DISCUSSION

"If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (quoting *United States v. Rueben*, 974 F.2d 580, 585–86 (5th Cir. 1992)). When doing so, the Court, like the Magistrate Judge, is governed by 18 U.S.C. § 3142: a defendant may be detained pending trial only if the Court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* at 616 (quoting 18 U.S.C. § 3142(e)(1)). The United States "must prove risk of flight by a preponderance of the evidence" and "dangerousness to any other person or the community by clear and convincing evidence." *Id.*

When determining whether there are conditions of release that will reasonably assure the

appearance of the defendant as required and the safety of any other person and the community, the Court is required to take into account the available information concerning the nature and circumstances of the offense, the weight of the evidence against the defendant, the history and characteristics of the defendant, and the nature and seriousness of the danger to the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g). As such, in addition to holding a hearing on Defendant's motion, the Court reviewed the Criminal Complaint and its Supporting Affidavit [Doc. 1], Pretrial Services Report [Doc. 6], Preliminary/Detention Hearing Transcripts [Docs. 31 and 32], Detention Order [Doc. 12], Indictment [Doc. 14], Pretrial Services' Memorandum [Doc. 37], Defendant's Motion [Doc. 29] and Reply [Doc. 33], and the United States' Response [Doc. 32]. The Court also reviewed the evidence and briefing for Defendant's Motion to Suppress and Request for a *Franks* Hearing [Doc. 22], as explained in the Court's Opinion denying that motion on August 5, 2020. Doc. 38 (Memorandum Opinion and Order).

**I.     Defendant is a Flight Risk**

The United States has proven risk of flight by a preponderance of the evidence. Defendant is a foreign national with extensive international ties. *See* Doc. 31 (Preliminary/Detention Hearing Transcript Vol. I) at 7 (FBI Special Agent Labuhn testifying that Defendant is a citizen of Saudi Arabia and is in the United States on a student visa). Defendant faces prison time and is subject to deportation if convicted, and the evidence against him is strong: two people, whose accounts were largely corroborated by each other saw Defendant possess a firearm; Defendant explained to both people that he knew he was not legally permitted to possess a firearm and that his plan to avoid responsibility for it was to have his wife claim it was hers; the FBI recovered a firearm from Defendant's residence; and the FBI verified that Defendant was admitted to the United States on a non-immigrant F1 student visa, thereby, making his possession of a firearm a violation of

3

18 U.S.C. § 922(g)(5)(B). *See* Doc. 1 (Affidavit in Support of Arrest Warrant) at 2–6.

Defendant also has a history of failing to appear for court proceedings. He failed to appear in court on May 10, 2017 for traffic matters: "Careless Driving, 3 counts of No Proof of Insurance, 4 counts of Speeding, and Vehicles Without Required Equipment." Doc. 37-1 (Pretrial Services Report) at 5. He also failed to appear for three different parking ticket proceedings, all of which remain pending. *Id.* As such, the Court has no confidence that Defendant will appear for proceedings in this matter if released.

Based on the above facts, the Court finds that Defendant is a flight risk.

## II.     Defendant is a Danger to the Community

The United States has also proven that Defendant is a danger to the community by clear and convincing evidence. First, Defendant purportedly maintains a "kill list. *See* Doc. 31 (Preliminary/Detention Hearing Transcript Vol. I) at 8–12 (Agent Labuhn's testimony regarding Defendant's purported "kill list"). Second, witnesses expected to testify against Defendant fear him, evidenced by FBI Special Agent Hopkins' testimony that A.M. fears for his safety because Defendant knows his identity and Agent Labuhn's testimony that "[t]he complainant has expressed to me that he is very afraid [of] [Defendant] having repercussions against him for talking to us." Doc. 31 (Preliminary/Detention Hearing Transcript Vol. I) at 23. Also, both Agent Hopkins and Agent Labuhn testified that Defendant's wife fears Defendant. Doc. 31 (Preliminary/Detention Hearing Transcript Vol. I) at 22 ("I would believe that [Defendant's wife] is actually very afraid of [Defendant]."). And that is corroborated by credible evidence that Defendant has struck his wife on multiple occasions. *Id.* at 20–22. For example, Agent Labuhn testified that when the FBI executed the search warrant on Defendant's residence, Defendant's wife had a black eye and looked as if she had been hit. When an officer asked her what happened, she stated that she had a

biking accident, but the bicycle on which she supposedly had the accident on had flat tires and cobwebs on it. *Id.* Based on the above facts, the Court finds that Defendant is a danger to the community.

The Court acknowledges that despite its finding that Defendant is a flight risk and danger to community, he should not be detained unless there is no condition or combination of conditions that will reasonably assure his appearance as required and the safety of any other person and the community. *See* 18 U.S.C. § 3142(e)(1). At the hearing on Defendant's motion, Defendant argued that there are suitable conditions that would reasonably assure his appearance and the safety of the community, yet he did not specify what those conditions are. Instead, he left it to the Court to come up with workable conditions. The Court, however, is not aware of any condition or combination of conditions that would be appropriate for Defendant given his risk of flight and danger.

The Court notes that Defendant's motion relied largely on the possibility that his Motion to Suppress and Request for a *Franks* Hearing [Doc. 22] would be successful. The Court, however, denied that motion on August 5, 2020. Doc. 38 (Memorandum Opinion and Order). Defendant also relied on the argument that he should be released pending trial because he is close to serving his expected sentence. However, that argument is unsupported and even if accurate, is not relevant to whether there is a condition or combination of conditions that will reasonably assure his appearance as required and the safety of any other person and the community. Defendant's final argument was that the Court should release him pending trial, presumably pursuant to 18 U.S.C. § 3142(i), because there is risk that he will contract COVID-19 while detained. Defendant, however, did not specify why he is at an increased risk of COVID-19, and although the Court is mindful of the unprecedented magnitude of the COVID-19 pandemic and the extreme health risks it presents, Defendant is not entitled to release "based solely on generalized COVID-19 fears and

speculation." *United States v. Clark*, 2020 WL 1446895, at *3 (D. Kan. Mar. 25, 2020).

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant is a flight risk and danger to the community and that there is no condition or combination of conditions that will reasonably assure his appearance or the safety of the community. Accordingly, Defendant's Motion for Review of Detention Order [Doc. 29] is **DENIED**. Defendant shall remain detained pending trial.

**IT IS SO ORDERED**.

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**