# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

    v.                                 No. 1:20-cr-82-WJ

HASSAN ALQAHTANI,

      Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART and DENYING IN PART THE UNITED STATES' FIRST MOTION IN LIMINE TO ADMIT EVIDENCE

THIS MATTER comes before the Court on the Government's First Motion In Limine To Admit Evidence Of Prior Acts Under Rule 404(b) Or As *Res Gestae* Evidence, filed October 4, 2020 (**Doc. 49**). After the Motion was fully briefed (Docs. 50 & 51), the Court held a hearing on December 8, 2020. Having considered the parties' written and oral arguments, and having reviewed the applicable law, the Court finds that the Government's Motion is well-taken in part and, therefore, is GRANTED IN PART and DENIED IN PART. The rulings contained in this Memorandum Opinion and Order render MOOT Defendant's Motion in Limine to Exclude Evidence Under Fed. R. Evid. 403 and 404(b) (Doc. 55); Government's First Motion to Strike (Doc. 56); and Defendant's Second Motion in Limine (Doc. 58).[1]

## BACKGROUND

The relevant background facts are set out in the Government's brief (Doc. 49). Defendant is charged with Alien in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §

---

[1] The Court finds that Defendant's First and Second Motion in Limine (Docs. 55 & 58) are moot because neither motion places a new category of evidence at issue, nor do they raise new arguments for excluding evidence ruled upon herein. The Court concludes that its ruling on the objections and arguments contained in Defendant's Response (Doc. 50) sufficiently address the evidentiary issues raised by Defendant's moot motions.

922(g)(5)(B) and 924. Doc. 14 (Indictment). The Government must prove that the Defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). This case began when the FBI received reports from two tipsters, who informed the agency that Defendant possessed a handgun while knowing that such possession was illegal under the terms of his visa, and that, if investigated by law enforcement, Defendant would pass his handgun off to his American girlfriend (now wife) who would hide the handgun or claim that it belonged to her.

## RELEVANT LAW

Evidence is relevant, and therefore generally admissible, if it has any tendency to prove or disprove any material fact in dispute. *See* Fed. R. Evid. 401, 402. Relevant evidence is that which tends to "make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevant evidence is not confined to that which directly establishes an element of the crime." *United States v. Gonzalez*, 110 F.3d 936, 941 (2nd Cir. 1997). A district court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. *See* Fed. R. Evid. 403.

The Government seeks to introduce all evidence below as either *res gestae* or prior bad acts under Fed. R. Evid. 404(b). *Res gestae*, or intrinsic evidence, generally refers to "other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *United States v. Sangiovanni*, No. CR 10-3239 JB, 2013 WL 1655918, at *10 (D.N.M. March 20, 2013) (Browning, J.) (citing *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000)). *Res gestae* is directly probative of the charged offense, arises from the same events as the charged offense, or forms an integral part of a witness's

testimony. *Id.* at *11. This type of evidence should have "a causal, temporal or spatial connection with the charged offense." *Id.*

Fed. R. Evid. 404(b) permits "prior bad acts" to be admitted as evidence unless they are offered "solely to prove a defendant's criminal disposition." *United States v. Naranjo*, 710 F.2d 1465, 1467 (10th Cir. 1983). (*i.e.,* a defendant's bad character gives rise to propensity to commit crime). Further, evidence admitted under Rule 404(b) must (1) be offered for a proper purpose; (2) be relevant; (3) pass a Rule 403 determination; and, upon request, (4) be subject to a Rule 105 limiting instruction. *United States v. Smalls*, 752 F.3d 1227, 1237 (10th Cir. 2014).

## DISCUSSION

### I.     The Mental "Kill List"

The Government seeks to admit evidence that Defendant kept a mental list of people he wanted to kill before leaving the United States. This evidence would be presented in the form of testimony from one of the FBI's tipsters. Defendant objects to this evidence because it is irrelevant to the charged offense, it is prohibited character evidence under Rule 404(b), and its probative value is substantially outweighed by a danger of unfair prejudice and misleading the jury. In particular, Defendant argues that this evidence "has been contrived into a scandalous scheme to fit a xenophobic preconceived belief" about Defendant, who is a Saudi Arabian citizen. Doc. 50 at 13. Defendant asserts that admitting this evidence would create a wrongful basis for conviction.

The Court overrules Defendant's objections. This evidence is relevant because it is probative of whether Defendant possessed the charged firearm and it adds context and dimension to the Government's proof of the charged offense. Fed. R. Evid. 401; *Gonzalez*, 110 F.3d at 941. Discussion of the list is an integral part of witness testimony. Moreover, there is a causal, temporal, and spatial connection to the charged offense: Defendant mentally maintained this list during the

same period he possessed the charged firearm. Its probative value is not substantially outweighed by unfair prejudice. At the hearing, the Court discerned that there is no tangible list and that the Government has not brought forth any tangible writings by Defendant acknowledging its existence. Rather, the Government will call a witness to testify about his or her personal knowledge of  the alleged list. Testimony from this tipster, an acquaintance who had a rocky relationship with Defendant, will not mislead the jury or distract them from the central issues in this case because defense counsel may use cross examination to call the existence of the list into question or otherwise minimize its evidentiary value. *See Seeley v. Chase*, 443 F.3d 1290, 1295 (10th Cir. 2006) (discussing considerations for applying the Rule 403 balancing test).

The Court finds that this evidence is *res gestae* inextricably intertwined with the charged offense. The evidence is necessary to demonstrate factual support for the FBI's investigation and the subsequent firearm possession charge. Defendant continues to re-assert a theory that the possession charge is not factually supported and that his pending prosecution is based on xenophobia and bias against Middle Eastern men. Given this posture, evidence of the kill list "completes the story" of Defendant's possession charge because the Government now must show that the underlying investigation was prompted by a motive other than rote xenophobia.

The Court finds that evidence of the kill list is also admissible pursuant to Rule 404(b) as a prior bad act being offered to show Defendant's motive for illegally possessing a firearm. *See* Fed. R. Evid. 404(b)(2) (permitted uses). It is not being used to prove Defendant is a violent individual, rather it shows the reason why Defendant may have elected to illegally possess a firearm and risk deportation. Defendant's concerns can be alleviated by requesting a Rule 105 limiting instruction, vigorous cross examination, and proper jury instructions.

**II.      Evidence Related to Defendant's Wife, Sierra Shafer**

The Government seeks to admit evidence related to FBI agents' interactions with Ms. Shafer during their search of the Alqahtani home. The sum of this evidence, according to the Government, would show the jury both the thoroughness of the FBI's investigation in this case and a rationale for why Ms. Shafer would give conflicting statements to agents about ownership of the firearm found at the home.

A.   Hearsay Issues with Ms. Shafer's Statements

The Government offers a number of statements allegedly made by Ms. Shafer to the investigating agents. Defendant objects to their admission on hearsay grounds because Ms. Shafer, in an exercise of her spousal immunity, does not plan on testifying at trial. The Court overrules Defendant's hearsay objection.

Ms. Shafer's statements can be placed into three categories: (1) statements indicating that she did not own the charged firearm or even know that it was present in the home; (2) subsequent conflicting statements indicating that she owned the charged firearm; and, (3) statements explaining her physical appearance and denying reports that her husband abused or controlled her.

The first category of statements presents the clearest hearsay issue. The Government claims these statements do not constitute hearsay because the prosecution is not offering these statements for their truth, but rather for their narrative value. *See* Doc. 51 at 3 n.1. At the hearing, the Court further questioned the Government on this issue.

The Government argues all statements indicating that Ms. Shafer did not own or know about the firearm must be taken in context with both (a) the agents' questions that elicited these statements and (b) the subsequent conflicting statements Ms. Shafer made to agents. Testimony about how agent's questioned Ms. Shafer and tested her conflicting claims (agents asked Ms.

Shafer to identify the handgun's make and model) are being used to show that the investigation was properly conducted and the investigating agents explored all avenues when determining who owned the charged firearm as opposed to making an initial xenophobic assumption that Defendant owned the firearm. *See* Fed. R. Evid. 801(c). The same rationale also supports a finding that the third category is not hearsay. Agents had to investigate Ms. Shafer's distressed appearance and question her about reports of abuse. In this context, the Court finds that Ms. Shafer's statements are not hearsay.

Additionally, these statements are being offered to show their effect on the FBI agents who heard them. Statements offered to show their effect on the listener "are generally not hearsay." *Faulkner v. Super Valu Stores, Inc*., 3 F.3d 1419, 1434 (10th Cir. 1993). The domestic violence statements, combined with Ms. Shafer's nervous demeanor and episodes of crying, also led agents to question her credibility because she might have been under duress at the time. Taken together, all of Ms. Shafer's statements show why the agents chose to discredit Ms. Shafer's claim of ownership. *Id.* at 1434–35 (admitting out of court statements for the purpose of establishing why the defendant chose to not to hire certain individuals); *see also United States v. Churn*, 800 F.3d 768, 776 (6th Cir. 2015) (statements may be admitted to show why the listeners acted as they did). In this context, the Court finds that Ms. Shafer's statements are not hearsay. Defendant may request that the Court give the jury a limiting instruction on this evidence.

B. <u>Domestic Abuse</u>

Ms. Shafer's domestic violence statements were accompanied by other evidence the Government seeks to admit. Specifically, the investigating agents observed that Ms. Shafer had a black eye, which she claimed was the result of a bicycle accident. Upon investigating that claim, agents saw that the couple's bicycle had flat tires and was covered in cobwebs. Later, when

6

confronted with reports of domestic abuse, Ms. Shafer began to cry and stated that her husband never abused or controlled her. The Government also seeks to admit that Defendant, at one time, gave Ms. Shafer a gun and told her to kill herself. Defendant objects to this evidence because it is "illogical," which the Court construes as a relevancy objection, and that it fails under Rule 403. Defendant further asserts that this evidence must be excluded pursuant to Rule 404 because it is being used to make an improper propensity argument. The Court overrules Defendant's objections.

The Court finds that this evidence may be admitted as *res gestae,* as it completes the story of the charged offense. The charged firearm was found on the same day and at the same location agents observed this evidence: therefore, its connection to the charged offense is not, as Defendant claims, unduly attenuated. More importantly, this evidence is necessary because the Government must prove that Defendant knew his § 922(g)(5)(B) status. *See Rehaif*, 139 S. Ct. at 2200. Given the numerous exceptions and intricacies of this status, proving knowledge of it is more difficult than cases involving felons or other individuals prohibited from possessing firearms. *Cf. United States v. Brown*, 888 F.3d 829, 838 (6th Cir. 2018) (evidence of domestic violence unnecessary to complete the government's story of a felon in possession charge). Evidence that tends to show Defendant knew his visa prohibited him from possessing firearms, such that he would need to have his wife claim ownership of the handgun, gives this evidence its high probative value. The Government's showing of this probative value also leads the Court to conclude that this category of evidence is not improper character evidence prohibited by Rule 404.

### III.  Defendant's violence towards other women

Unlike the evidence of domestic violence against Ms. Shafer, the Government's evidence of Defendant's violence towards other women is not relevant to this case. The Government argues that this evidence shows Defendant's *modus operandi* of controlling women in order to fabricate

exonerating evidence, but it fails to tie these instances of violence to that alleged scheme. Moreover, even assuming this evidence was relevant the Court still finds it unfairly prejudicial under Rule 403. The Court sustains Defendant's objections to this evidence.

### Conclusion

In sum the Court finds and concludes that: (1) evidence of Defendant's mental kill list is admissible as *res gestae* and as a prior bad act pursuant to Fed. R. Evid. 404(b); (2) Sierra Shafer's statements are not hearsay; (3) evidence of Defendant's violence towards Ms. Shafer is admissible as *res gestae*; and, (4) evidence of Defendant's violence towards other women is inadmissible.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE