# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         No. 1:20-CR-82-WJ

HASSAN ALQAHTANI,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR ORDER OF RELEASE PURSUANT TO 18 U.S.C. § 3145(b)

THIS MATTER comes before the Court on Defendant's motion for order of release pursuant to 18 U.S.C. § 3145(b) (the "Motion"), filed February 2, 2021 (**Doc. 84**). The Government filed its response in opposition on February 10, 2021 (Doc. 88) and Defendant filed his reply on February 16, 2021 (Doc. 90). The Court finds that Defendant's Motion is not well-taken and is therefore **DENIED**.

### Background

Defendant Hassan Alqahtani is charged with being a Nonimmigrant Alien in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(5)(B) and 924. Doc. 14 (Indictment). On December 12, 2019, FBI agents searched Defendant's home pursuant to a search warrant authorized by United States Magistrate Judge Karen B. Molzen. Judge Molzen issued an arrest warrant on December 13, 2019 and Defendant was arrested the same day. Doc. 2. On December 17, 2019, United States Magistrate Judge Laura Fashing entered a detention order, finding "by clear and convincing evidence that no combination of conditions will reasonably assure the safety of any other person in the community" and "by a preponderance of the evidence

that no condition or combination of conditions will reasonably assure his appearance as required." Doc. 32 (Preliminary/Detention Hearing Transcript Vol. II) at 61–63.

On June 26, 2020, Mr. Alqahtani's counsel filed a Motion for Review of the Detention Order. Doc. 29. After extensively reviewing all then-available information[1] in the case and holding a hearing on the matter, this Court issued a Memorandum Opinion and Order denying the Motion for Review on August 20, 2020, which found that Defendant is a flight risk and a danger to the community and that there is no condition or combination of conditions that will reasonably assure his appearance or the safety of the community. Doc. 42. Defendant has been in custody for approximately fourteen months, and he now makes a second request for this Court to review his detention. Defendant argues that his prolonged detention triggers due process concerns and that other factors support his release pending trial. Defendant's trial is currently set for March 29, 2021. Doc. 86.

**Discussion**

"If a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). At this juncture, a district court acts de novo and must make an independent judgment. *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). Still, the Court, like the Magistrate Judge, is governed by 18 U.S.C. § 3142: a defendant may be detained pending trial only if the Court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the

---

[1] In ruling on Defendant's Motion for Review, this Court examined the following: the Criminal Complaint and its Supporting Affidavit (Doc. 1), Pretrial Services Report (Doc. 6), Preliminary/Detention Hearing Transcripts (Docs. 31 & 32), Detention Order (Doc. 12), Indictment (Doc. 14), Pretrial Services' Memorandum (Doc. 37), Defendant's Motion (Doc. 29) and Reply (Doc. 33), and the Government's Response (Doc. 32). Doc. 42 at 3. The Court also reviewed the evidence and briefing for Defendant's Motion to Suppress and Request for a *Franks* Hearing (Doc. 22), as explained in the Court's Opinion denying that motion on August 5, 2020 (Doc. 38). *Id.*

2

community." 18 U.S.C. § 3142(e)(1); *see also Cisneros*, 328 F.3d at 616 (stating that the government must prove risk of flight by a preponderance of the evidence and dangerousness to any other person and the community by clear and convincing evidence).

This Court has made the requisite findings twice during the life of this case, and Defendant does not explicitly ask the Court to reconsider these two prior decisions. Instead, his core argument is that the interim months have given rise to special factors that must be considered under a due process analysis. The Motion relies heavily on the factors listed in *United States v. Cos*, 198 F. App'x 727, 732 (10th Cir. 2006), an unpublished Tenth Circuit opinion cited for its persuasive value. The *Cos* court instructed the district court on remand to consider: (1.) the length of detention; (2.) the extent of the prosecution's responsibility for the delay of trial; and (3.) the strength of the evidence upon which the detention was based. *Id.* at 732 (citing *United States v. Millan*, 4 F.3d 1038, 1043-1047 (2d Cir.1993). The second *Cos* consideration is not applicable to this case. Parties agree, and it is readily apparent, that the delay in getting this case tried by a jury is due to the ongoing COVID-19 pandemic, which has significantly interfered with judicial operations for nearly a year now.

Defendant argues that (a.) the length of his pretrial detention will exceed his recommended sentencing guideline range, (b.) the evidence of flight risk or danger to others is weak, (c.) and conditions of release exist that are sufficient but not greater than necessary to ensure safety to the community and appearance at trial.

Defendant's trial is set for March 29, 2021, the earliest date available for this Court. On March 29th, Mr. Alqahtani will have spent approximately fifteen and a half months in custody. The Motion argues that the length of this detention raises due process concerns because, if convicted, Defendant's recommended sentencing guideline range would only be fifteen to

twenty-one months. Doc. 84 at 4. Moreover, Defense counsel asserts that the March 29th date will likely be continued yet again because Mr. Assed, Defendant's lead attorney, is unable to appear live at trial due to his medical condition and compromised immunity. *Id.* at 4–6.

The Court has been working with the defense team for several months now in determining how Mr. Assed can fully participate in his client's trial through remote means. Courts across the country have faced similar dilemmas over the last year. The COVID-19 pandemic has spurred rapid development in the areas of video conferencing and other virtual real-time communication methods. Absent an extension of the District of New Mexico's moratorium on jury trials,[2] the Court would likely deny any new motion to continue trial in this case. Mr. Assed will be able to fully represent his client at trial from the safety of a remote location, and Defendant will have the rest of his defense team, Ms. Britany Schaffer and Mr. Joel R. Meyers, present with him in the courtroom. The Court notes that Mr. Meyers is a seasoned trial attorney with extensive criminal law experience as both a prosecutor and a defense attorney, and Mr. Meyers formerly held a supervisory position in the United States Attorney's Office for the District of New Mexico. Doc. 88 at 3. Given these circumstances, there is no current basis for further delaying Defendant's trial.

The Court finds that the possibility that Defendant may be sentenced to the minimum of fifteen months incarceration is an insufficient basis for granting his Motion. The approximately two weeks of potential excess time in custody, under these unique circumstances, is not severe enough to give rise to a colorable due process claim.

Defendant's second and third arguments, in essence, ask the Court to reconsider its prior findings. The Court declines this invitation, as the Motion presents no new developments or circumstances that would disturb the findings found in its December 17, 2019 and August 20, 2020

---

[2] The District is currently operating under the terms of Superseding Administrative Order 21-MC-00004-04, which orders all civil and criminal jury trials be suspended through February 28, 2021.

Orders.[3]

## Conclusion

For the forgoing reasons, the Court finds that Defendant remains a flight risk and a danger to the community and that there is no condition or combination of conditions that will reasonably assure his appearance or the safety of the community. The Court further concludes that, under the limitations generated by the COVID-19 pandemic, the continued custody of Defendant does not raise due process concerns serious enough to warrant release pending trial. Accordingly, Defendant's Motion (Doc. 84) is DENIED.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Much ink has been spilled over the "mental kill list" evidence in this case. The Motion asks the Court to now disregard this evidence in its determination of whether Defendant is a danger to any other person or to the community. Doc. 84 at 7. In ruling on this Motion, the Court considered the arguments raised after August 20, 2020. The Court notes that the probative value of this evidence is not dispositive. The Government has presented other evidence that Defendant is a potential danger to certain individuals, and this evidence provided the primary basis for Judge Fashing's December 17, 2019 finding that Defendant is a danger to the community. Doc. 32 (Preliminary/Detention Hearing Transcript Vol. II) at 62.