IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                                              No. 1:20-cr-82-WJ

HASSAN ALQAHTANI,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S FOURTH MOTION *IN LIMINE* TO EXCLUDE EVIDENCE

THIS MATTER comes before the Court upon Defendant's motion *in limine* to exclude evidence regarding subsequent failed offers of sales, filed December 21, 2020 (**Doc. 67**) (the "Motion"). Defendant seeks an order precluding the government's introduction, at trial, of evidence regarding the "government's subsequent attempts to sell firearms to Mr. Alqahtani." Doc. 67 at 1. Specifically, Defendant argues: (1) all statements made by A.M., an informant in this case, are barred by the rule against hearsay;[1] (2) the evidence deriving from A.M.'s offers to sell firearms to Defendant is irrelevant and unfairly prejudicial; and (3) the evidence deriving from A.M.'s offers to sell firearms to Defendant should be excluded pursuant to Fed. R. Evid. 404. The Government responded to the Motion on January 4, 2021, Doc. 74, and the Court held a hearing on January 20, 2021. Doc. 81. The Court, having considered the parties' briefs and oral arguments in conjunction with the applicable law, hereby **DENIES** the Motion.

---

[1] The Motion argues that all prior statements made by R.V. and A.M. to law enforcement throughout the investigation must be excluded as hearsay. The Court will not discuss this broad objection at this juncture. The Court has already ruled that the R.V. may testify as to certain statements he relayed to law enforcement. *See* Doc. 64 at 3–4. Moreover, at the hearing, it became clear to the Court that parties are in agreement that should R.V. and A.M. testify live at trial, testimony regarding the substance of their out-of-court statements does not give rise to a hearsay issue. Because the Government has indicated that both R.V. and A.M. will be testifying at trial, the Court finds it unnecessary to address the hearsay issues related to the R.V. and A.M.'s statements to law enforcement.

**Background**

Defendant is charged with being an Alien in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(5)(B) and 924. Doc. 14 (Indictment). The Government must prove both that Defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). Defendant is a Saudi Arabian citizen admitted to the United States on a non-immigrant F1 student visa. Doc. 1 at 2. At the time of the investigation, Defendant was attending the University of New Mexico's School of Engineering. *Id*. On December 12, 2019 the Federal Bureau of Investigation (the "FBI") effected a search warrant on Defendant's home and found a .380 caliber firearm, ammunition, and a box for a .380 firearm. *Id.* at 4.

The FBI began investigating Defendant after an acquaintance, R.V., submitted a tip to the agency on August 8, 2019. *Id.* at 3. The FBI received more information from a second tipster, A.M., and, at the FBI's request, A.M. recorded his conversations with Defendant. Doc. 74 at 2. According to the Motion, A.M. approached Defendant on more than one occasion and attempted to elicit incriminating statements from Defendant by offering to sell Defendant firearms, but Defendant repeatedly and unequivocally declined A.M.'s offers. Doc. 67 at 2. In turn, the Government alerted the Court that the challenged evidence contains a "recorded confession." Doc. 74 at 2–3.

Based on the Government's representation about the nature of the evidence, the Court scheduled a preliminary hearing on the matter and requested that the Government submit the challenged evidence to the Court for *in camera* review prior to the hearing. Upon review of this evidence, which takes the form of approximately twelve hours of recordings, the Court believes that Defendant objects to an approximately seven-minute-long conversation recorded on

December 4, 2019 (the "December 4th conversation"). The Government has also offered the December 4th conversation in transcript form. Having examined the transcript and compared it against the original recording, the Court agrees with the Government that the December 4th conversation contains multiple instances in which Defendant arguably admits that he possessed a firearm of the same caliber as the charged firearm. At the hearing, the parties' arguments centered on the admissibility of the December 4th conversation. Accordingly, the rulings contained in this Memorandum Opinion and Order relate to the December 4th conversation portion of this recorded evidence.[2]

## Relevant Law

"Hearsay testimony is generally inadmissible." *United States v. Christy*, 2011 WL 5223024, at *5 (D.N.M. Sept. 21, 2011) (citing Fed. R. Evid. 802). The Federal Rules of Evidence define hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).

Even if not excluded by the rule against hearsay, evidence must still be relevant to the case at hand. Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Although this scope is liberal, a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Relevant evidence is also limited by the constraints provided in Rule 404, which prohibits evidence of other crimes, wrongs, or acts, if the

---

[2] Due to the voluminous nature of these recordings, the parties will need to file an additional motion for the Court to make a pretrial ruling on any other portion of the recorded conversations between A.M. and Defendant.

evidence is being used to "prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).

## Discussion

I.  **A.M.'s statements contained the December 4th conversation between A.M. and Defendant are not hearsay.**

The Government argues that the recorded statements A.M. made in the course of his conversation with Defendant are not being offered for their truth, but only to provide context to Defendant's responsive (or non-responsive) statements. Doc. 74 at 1. Of course, Defendant's statements are excluded from the definition of hearsay under the "party opponent" exclusion. Fed. R. Evid. 801(d)(2). The Tenth Circuit has recognized that certain statements made during the course of a conversation with a party opponent are likewise excluded from the definition of hearsay. In *United States v. Cesareo–Ayala*, the Tenth Circuit agreed with the government's argument that a written report containing conversations between Mendez, who was working with law enforcement, and Mr. Cesareo-Ayala, the criminal defendant, was admissible because Mendez's portions of the conversations were not being offered for their truth, and thus were not hearsay. 576 F.3d 1120, 1127–29 (10th Cir. 2009). The *Cesareo–Ayala* court reasoned:

> The probative value of the conversation derived not from any "implicit assertion" made by Mendez for the benefit of the officers but from the statements by Mr. Cesareo–Ayala, both in initiating the conversation and in responding to Mendez. The obvious purpose of including what Mendez said in presenting the conversation to the jury is that Mr. Cesareo–Ayala's words can be properly understood only in the context of Mendez's remarks.

*Id.* at 1129. Other circuits have reached similar conclusions. *See United States v. Dupre*, 462 F.3d 131, 137 (2d Cir. 2006) ("Although the authors of the "Project 9" messages did not testify at trial, the messages were not hearsay because they were not offered in evidence to prove the truth of the matters asserted. The prosecution offered the Project 9 messages to provide context for

4

defendants' messages sent in response to them, messages whose admissibility is not contested [under Fed. R. Evid. 801(d)(2)]"); *United States v. Catano*, 65 F.3d 219, 225 (1st Cir. 1995) (DEA informant's end of conversation with defendant not hearsay, where defendant's end of conversation admissible as non-hearsay admission of a party under Fed. R. Evid. 801(d)(2)(A), because informant's utterances were "reasonably required to place [defendant's] admissions into context" and "make them intelligible to the jury"). Based on the contents and nature of the December 4th conversation, the Court finds that here, like in *Cesareo–Ayala*, the declarant's statements are not being offered for their truth. The evidentiary value of A.M.'s statements is derived from their ability to add context to Defendant's non-hearsay responses. A.M.'s statements to Defendant in the course of the December 4th conversation are not hearsay, and Defendant's objection is OVERRULED.

**II.   Evidence derived from the December 4th conversation is highly relevant and not unfairly prejudicial.**

The Court easily concludes that the December 4th conversation is relevant to the case at hand, given the liberal standard set forth in Fed. R. Evid. 401. Having made this threshold determination, the Court will now address Defendant's Fed. R. Evid. 403 challenge to the evidence.

Defense counsel describes A.M. as "a mentor and figure of authority as a teaching assistant in at least one of Mr. Alqahtani's classes." Doc. 67 at 1–2. Citing *Seeley v. Chase*, 443 F.3d 1290, 1295 (10th Cir. 2006), Defendant argues that Fed. R. Evid. 403 precludes admission of evidence derived from the December 4th conversation because (a) the evidence does not focus on the elements of the charged offense, (b) the credibility of the evidence is disputed because A.M. held a position of authority over Defendant, (c) the evidence would distract the jury by forcing them to parse out the relationship between A.M. and Defendant, and (d) the evidence could lead to an

5

improper verdict based on outside conduct. *Id.* at 5–6.

The Court will begin by noting that Defendant's incriminating statements appear to be voluntary, as they are not directly prompted by A.M.[3] The December 4th conversation goes directly to the elements of the charged offense, that Defendant knowingly possessed the charged firearm. Consequently, this conversation has an extremely high probative value. As for the credibility of this evidence being tainted by a "power dynamic," Defense counsel has offered only conclusory assertions that because A.M. was a teaching assistant, A.M. held a position of significant authority over Defendant. The Court notes that A.M. was a teaching assistant as opposed to a professor or someone in a position of authority such as the Dean of the School of Engineering, so the Court is having difficulty seeing how this evidence could be tainted by some kind of "power dynamic." Moreover, the recording demonstrates that Defendant and A.M. speak to each other using a casual tone, and their conversation is peppered with expletive-laced observations about life in Albuquerque, New Mexico. There is no indication that Defendant is a subordinate of A.M. or otherwise subject to complying with A.M.'s whims. Further, if presented evidence of the December 4th conversation, the jury would not waste time parsing out the relationship between Defendant and A.M. Finally, this evidence would not establish an improper basis for the jury's verdict.

Having considered all of Defendant's arguments, the Court cannot find that the nature or contents of the December 4th conversation warrant exclusion. The credibility of this evidence is sound, and its value goes to the heart of the charged offense. The Court cannot make a finding that this probative value is substantially outweighed by the dangers listed in Fed. R. Evid. 403. Accordingly, Defendant's objection is OVERRULED.

---

[3] Parties have not yet placed the recording or transcript of the December 4th conversation on the record. As such, the Court will not set forth specific examples that tend to show the voluntary nature of Defendant's statements.

### III. Evidence deriving from the December 4th conversation is not prohibited by Rule 404(b).

The Motion argues that evidence of the December 4th conversation is improper propensity evidence to the extent it is unrelated to the charged firearm, as the conversation was designed by the FBI to show that Defendant has a disposition to possess firearms, and therefore it must be excluded pursuant to Fed. R. Evid. 404(b)(1). Doc. 67 at 4–5. At the hearing, defense counsel also submitted that this evidence should be excluded because the Government arguably failed to give the notice required by Rule 404. *See* Fed. R. Evid. 404(b)(3). The Government asserts that Rule 404(b) does not govern this evidence because Defendant's inaction in this exchange (i.e., Defendant's decision to decline A.M.'s sales offer) is not an "other act."

Upon careful examination of the December 4th conversation, the Court finds that many portions of the conversation do not present an action. The presence of action is the logical foundation for concluding that an item of evidence is governed by Rule 404(b), which deals with "evidence of any other crime, wrong or act." Fed. R. Evid. 404(b). Defendant spends a fair amount of time broadly discussing guns with A.M., and Defendant states to A.M. that he would like to have a gun for self-protection. At several points, Defendant states that he *might* attempt to obtain a small handgun from a gun store. None of these discussions or statements are evidence of other acts by the Defendant.

Despite the substantial portions of this conversation that do not implicate Rule 404(b), there are several instances in which Defendant makes statements indicating that he owns or possesses multiple firearms. These statements were made after Defendant referenced a .380 caliber firearm, and presumably, one of these multiple firearms would be the .380 caliber handgun. Here, the Court concludes that any reference to the additional firearms constitutes evidence of other acts.

In arguing to exclude evidence of the additional firearms, Defense counsel cites to *United*

*States v. Shirley*, a case in which United States District Judge James O. Browning excluded evidence of knives that the defendant possessed prior to a murder charge because such evidence suggested that the defendant "is predisposed to use knives, and therefore he must have been the person who stabbed the victim in this case." 214 F. Supp. 3d 1124, 1152 (D.N.M. 2016). The evidence excluded in *Shirley* is readily distinguishable from the additional firearms at issue here. The prosecution in *Shirley* conceded that none of the defendant's knives were used to commit the alleged offenses. *Id.* at 1151. The government contended that evidence of the knives illustrated defendant's "access to, familiarity with, and use of the class of weapon allegedly used in the charged offense." *Id.* at 1152. In the instant case, the Government asserts that any mention of the Defendant owning or possessing firearms is direct evidence of the possession charge pending against him. The references to the number of guns Defendant or his girlfriend[4] own are inseparable from the earlier mention of the .380 caliber handgun. Under these circumstances, the Court finds that the portions of the December 4th conversation that reference additional firearms are not forbidden propensity evidence.

Moreover, this evidence of the additional firearms satisfies the Tenth Circuit's four-part test for admissibility of other acts, which requires that: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted. *United States v. Roberts*, 185 F.3d 1125, 1141 (10th Cir. 1999) (citing *Huddleston v. United States*, 485 U.S. 681, 691–92 (1988)).

---

[4] Defense counsel represents that Defendant would often refer Sierra Shafer as his "girlfriend," even though Mr. Alqahtani and Ms. Shafer were, and still are, married.

The statements regarding multiple firearms are being offered for a proper purpose, namely, to establish Defendant's knowledge of his possession of the charged firearm. Doc. 74 at 3. As discussed above, this evidence is relevant. The Court is able to make the requisite Rule 403 determination because the probative value of evidence showing that Defendant possessed multiple firearms is not substantially outweighed by the danger for unfair prejudice, given the context at hand. Evidence may be unfairly prejudicial if it "makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Tan*, 254 F.3d 1204, 1212 (10th Cir. 2001) (quotation omitted). The evidence of additional firearms may elicit a reaction from the jury, but likely no more so than other allegations of firearm possession that will already be presented at trial. Finally, Defendant may request a limiting instruction at trial. Accordingly, Defendant's Rule 404 objection is OVERRULED.

## Conclusion

For the reasons discussed above, the Court herby DENIES Defendant's fourth motion *in limine* (Doc. 67).

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE