# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      No. 1:20-CR-82-WJ

HASSAN ALQAHTANI,

    Defendant.

## ORDER DENYING DEFENDANT'S RENEWED MOTION FOR RELEASE

THIS MATTER comes before the Court on Defendant's oral motion for release from custody pending trial, made on April 2, 2021 shortly after the Court declared a mistrial in the above-captioned case due to the Jury's inability to reach a unanimous verdict.[1] *See* Doc. 138. Defendant seeks to renew his most recent motion for release, which the Court denied on February 25, 2021, approximately one month before Defendant's first trial. Doc. 91. The Court held a hearing on this matter on April 5, 2021. For the reasons stated on the record at the April 5, 2021 hearing, which are summarized below, the Court hereby DENIES the motion.

Defendant asks the Court to reconsider its prior detention order, which was entered by U.S. Magistrate Judge Laura Fashing on December 12, 2019. *See* Doc. 12. In August 2020, the undersigned reviewed Judge Fashing's order de novo, ultimately issuing a memorandum opinion and order containing the same findings. *See* Doc. 42. On February 2, 2021, Defendant filed his second motion for release, which he renews with the exception that Defendant is now orally

---

[1]     At the hearing, the Government asserted that a mistrial "re-sets" the Sixth Amendment speedy trial analysis. It appears that for instances of mistrial occurring in the Tenth Circuit, the delay interval for *Barker* analytical purposes runs from arrest or indictment through the beginning of the last trial. *See, e.g., United States v. Batie*, 433 F.3d 1287 (10th Cir. 2006).

requesting release to the La Posada Halfway House. *See* Doc. 84.

After allowing counsel to present oral arguments, the Court found no reason to disturb Judge Fashing's initial findings underlying the detention order. The Court further noted that, in light of the ongoing COVID-19 pandemic, the record shows that continued detention does not currently create a manifest injustice potentially warranting reconsideration of its detention order. The Court has informed Parties that Defendant could be re-tried on May 10, 2021 or June 7, 2021, well within the seventy-day deadline for a new trial to commence after a declaration of a mistrial pursuant to the Speedy Trial Act. *See* 18 U.S.C. § 3161(e).

Defendant shall remain in custody pending his new trial date.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE